**WHITE MEMORIAL MEDICAL CENTER, a nonprofit corporation, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health & Human Services; Robert A. Derzon, Administrator, Health Care Financing Administration, Appellees.**

**GENDALE ADVENTIST MEDICAL CENTER; Huntington Memorial Hospital; and White Memorial Medical Center, all California nonprofit corporations, Appellants,**

v.

**Richard S. SCHWEIKER, Secretary of Health & Human Services; Robert A. Derzon, Administrator, Health Care Financing Administration, Appellees.**

Nos. 79–3204, 79–3209.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1981.

Decided April 3, 1981.
Rehearing Denied April 28, 1981.

---

**20.** The district court did apply this test below.

J. Robert Liset, Los Angeles, Cal., argued for appellants; Musick, Peeler & Garrett, Los Angeles, Cal., Jay H. Hedgepeth, Chicago, Ill., on brief.

Stephen D. Peterson and Evelyn W. Bradford, Los Angeles, Cal., for appellees.

Before GOODWIN and SNEED, Circuit Judges, and SOLOMON,* District Judge.

GOODWIN, Circuit Judge.

The appellants are nonprofit hospitals that qualify as Medicare "providers of services" under 42 U.S.C. § 1395–1395rr.[1] They appeal the district court's summary judgment, which affirmed in effect a decision of the Secretary of Health, Education and Welfare.[2] The district court ruled that the hospitals did not meet the $50,000 group appeal jurisdictional requirement for 1973 and that the "Definitive Observation Units/Intermediate Care Units" [hereinafter "DOU's"] were not "special care inpatient hospital units" within the meaning of 42 C.F.R. § 405.452(d)(10). We reverse the first ruling and affirm the second.

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. *See Pacific Coast Medical Enterprises v. Harris,* 633 F.2d 123 (9th Cir. 1980), for a general discussion of the Medicare Act and reimbursement scheme.

2. The case arose under Joseph A. Califano, Secretary of Health, Education and Welfare. Richard S. Schweiker, Secretary of Health & Human Services, is the current incumbent and becomes the named defendant.

## I. *Jurisdiction.*

Title 42 U.S.C. §§ 1395oo(a) and (b) provide in pertinent part:

"(a) Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... if—

. . . . .

2. the amount in controversy is $10,000 or more, ...

"(b) The provisions of subsection (a) of this section shall apply to any group of providers of services if each provider of services in such group would, upon the filing of an appeal (but without regard to the $10,000 limitation), be entitled to such a hearing, but only if the matters in controversy involve a common question of fact or interpretation of law or regulations and the amount in controversy is, in the aggregate, $50,000 or more."

The district court, affirming the Secretary's decision, held that there was no jurisdiction to hear the 1973 appeal because the hospitals did not allege more than $50,000 in controversy for that year. The court reasoned that the statute requires the hospitals to have a $50,000 claim for *each* year because the "hearing" referred to in subsection (b) refers back to subsection (a) and subsection (a) contemplated that the amount-in-controversy requirement apply to *each* cost reporting period.

The hospitals argue that such an interpretation goes against the plain meaning of the statute. They argue that if there is a common question of law and fact, such as in this case, and if the amount in controversy is over $50,000 (to insure substantiality of the question), there is no reason to require that each appeal be from the same cost year.

The hospitals cite *Cleveland Memorial Hospital, Inc. v. Califano,* 594 F.2d 993 (4th Cir. 1979), as support for their position. *Cleveland,* the only circuit case to decide this issue, held that the court had jurisdiction. *Cleveland* allowed the appellant hospitals to aggregate cost reports from more than one year and allowed each hospital more than one cost report to meet the $50,000 requirement. It reasoned that a broad interpretation satisfied the substantiality requirement underlying the regulation.

█ We hold that the hospitals may aggregate cost reports from more than one year to meet the jurisdictional requirement. The reasoning in *Cleveland* is persuasive and there is no reason to create a conflict among the circuits on this point. The district court's error on the jurisdictional question for the year 1973 has no effect on the judgment.

## II. *Classification of the Definitive Observation Units/Intermediate Care Units.*

Additional per diem allotments to Medicare providers are covered by 42 C.F.R. § 405.452(d)(10)

"(10) *Intensive care units, coronary care units, and other special care inpatient hospital units.* To be considered an intensive care unit, coronary care unit, or other special care inpatient hospital unit, the unit must be in a hospital, must be one in which the care required is extraordinary and on a concentrated and continuous basis and must be physically identifiable as separate from general patient care areas. There shall be specific written policies for each of such designated units which include, but are not limited to burn, coronary care, pulmonary care, trauma, and intensive care units but exclude postoperative recovery rooms, postanesthesia recovery rooms, or maternity labor rooms."

The district court, affirming the Secretary's decision,[3] held that the DOU's were not "special care units" within the meaning of the regulation. We agree.

---

**3.** The Secretary reversed the decision of the Provider Reimbursement Review Board with regard to the classification of the DOU's. The hospitals and *amici* argue that this court should review the Board's decision to see if it is supported by substantial evidence. This argument is inconsistent with Title 42 U.S.C. § 1395oo(f) which requires the court to review the Secretary's decision, not the Board's.

■ The standard of review is governed by 42 U.S.C. § 1395*oo* (f). That section provides that the Administrative Procedure Act, 5 U.S.C. § 706, governs review of the Secretary's decision. Thus, the district court may overturn the Secretary's decision only if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence on the record taken as a whole. *Mercy Hosp. & Medical Center, San Diego v. Harris*, 625 F.2d 905, 907 (9th Cir. 1980); *Good Samaritan Hospital Corvallis, v. Mathews*, 609 F.2d 949, 951 (9th Cir. 1979).[4]

■ The reviewing court will give due deference to an agency's interpretation of its own regulations where the agency has expertise in the substantive area involved and where the regulations were promulgated pursuant to Congressional authorization. *Mercy Hospital, supra; Good Samaritan Hospital, supra.*

The hospitals argue that this case is not one in which the court should rely on the agency's expertise. They "contend that the central and dispositive issue raised by this appeal is a question of law, *i. e.*, 'What is the correct legal interpretation of the phrase "care required as extraordinary and on a concentrated and continuous basis" as that phrase is used in Section 405.-452(d)(10)?'" They argue that this court must make the appropriate determination itself, without reference to whether the Secretary had substantial evidence for the administrative decision.

The hospitals' argument is not persuasive. If ever there were a case in which a court should defer to an agency's interpretation of its regulation, this is the case. The regulation, promulgated by the agency, involves the method of accounting used in distributing Medicare payments. The application of this regulation certainly involves a substantive area in which the agency has much more expertise than any court. The Secre-

tary's finding that the DOU's were not special care units within the meaning of the regulation is a finding made after review of the record of an agency hearing provided by statute.[5] Accordingly, the appropriate standard of review is whether the decision is supported by substantial evidence. *See* 5 U.S.C. § 706(2)(E).

■ The Secretary's decision is supported by substantial evidence. Section 405.-452(d)(10) is an *ejusdem generis* regulation. It authorizes additional payments for "Intensive care units, coronary care units, and other special care inpatient hospital units." In describing such units, the regulation states "... such designated units [shall] include, but are not limited to burn, coronary care, pulmonary care, trauma, and intensive care units ...." The standard rule of construction for an *ejusdem generis* statute is that the general language refers only to objects similar in nature to those objects enumerated by the specific words. *See, e. g., Trinity Services, Inc. v. Marshall*, 593 F.2d 1250, 1258 (D.C.Cir.1978) (and cases cited therein).

All parties agree that the DOU's provide a level of care below that provided by the enumerated intensive care units. The hospitals argue, however, that the DOU's qualify under the regulation because they provide extraordinary care on a continuing and concentrated basis. Although the hospitals' interpretation is a reasonable one, we cannot say that the Secretary's decision is unsupported by substantial evidence. The Secretary's interpretation of the regulation to require similar special care units is a reasonable one. As the parties agree, the Secretary had ample evidence from which to determine that the DOU's are a different sort of care unit than the listed special care units.

The judgment is affirmed.

---

4. The courts generally state the standard of review in such a manner. Of course, the determination of which prong of the Administrative Procedure Act applies will depend on whether the question is considered one of law, fact-finding or policy-making.

5. *See* 42 U.S.C. § 1395*oo* which provides for a hearing before the Provider Reimbursement Review Board.