664 F.2d 1337
 JOHN MUIR MEMORIAL HOSPITAL, INC., Plaintiff-Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Defendant-Appellant.
MEMORIAL HOSPITAL OF GARDENA, a California Corporation,
Plaintiff-Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services; Blue Cross Association, an Illinois
Corporation; and Blue Cross of Southern
California, a California
corporation,
Defendants-
Appellants.
 Nos. 80-4421, 80-5614.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 6, 1981.
Unpublished Memorandum Filed Nov. 12, 1981.
Refiled for Publication Dec. 16, 1981.
 
 Maria P. Rivera, Asst. U.S. Atty., San Francisco, Cal., for John muir.
 Stephen D. Peterson, Los Angeles, Cal., Robert S. Greenspan, Michael J. Singer, Washington, D. C., for Memorial Hospital.
 Patric Hooper, Weissburg & Aronson, Inc., Los Angeles, Cal., Kenneth B. Bley, Fulop, Rolston, Burns & McKittrick, Beverly Hills, Cal., for Harris.
 Appeal from the United States District Court for the Northern District of California.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT, WALLACE and ANDERSON, Circuit Judges.
 WRIGHT, Circuit Judge.
 
 
 1
 We reverse the judgments in both of these appeals. The district courts held that the intermediate care units in the two hospitals qualified for "special care unit" Medicare reimbursement.
 
 
 2
 The Memorial Hospital of Gardena and the John Muir Memorial Hospital established "Maxicare" and "Definite Care" units, respectively, to provide intermediate care to patients who did not require intensive care but who were too seriously ill to be cared for on general medical-surgical floors. The hospitals classified these units as "special care units" (SCUs) and applied for the higher SCU per diem reimbursement.
 
 
 3
 The Secretary decided in each case that the care provided in the units was not "extraordinary and on a concentrated and continuous basis," and that the units did not qualify as SCUs under the definition in 42 C.F.R. § 405.452(d) (10). Both district courts found that, because the care rendered in the intermediate units was greater than that provided on a general floor, a higher per diem was appropriate.
 
 
 4
 We shall not disturb the Secretary's findings that the units are not SCUs, our decision being controlled by White Memorial Medical Center v. Schweiker, 640 F.2d 1126 (9th Cir. 1981). White established that the regulation defining SCUs was an ejusdem generis one, limiting its coverage to units similar to those enumerated. The Secretary's interpretation calling for comparison to enumerated units, not routine service floors, is reasonable. Complex accounting methods used to distribute medicare funds are involved. Id. at 1129. We defer to the Secretary's expertise.
 
 
 5
 The Secretary decided in White, and here, that the intermediate care units did not deliver care similar to that in burn, coronary, pulmonary, trauma, or intensive care units. Although both hospitals produced evidence that their units deliver "extraordinary" care, substantial evidence supports the Secretary's conclusions.
 
 
 6
 Appellee John Muir Memorial Hospital's argument that a denial of SCU reimbursement will result in a shift of costs to non-Medicare patients in violation of 42 U.S.C. § 1395x(v)(1)(A) is without merit. Pasadena Hospital Ass'n, Ltd. v. United States, 618 F.2d 728, 735 (Ct.Cl.1980).
 
 
 7
 Its argument that the Provider Reimbursement Manual was not issued pursuant to rulemaking procedures and is thus invalid also fails. Because the manual does not implement new substantive policy, but rather provides optional guidelines clarifying existing regulations, rulemaking is not required. Daniel Freeman Memorial Hospital v. Schweiker, 656 F.2d 473, 476 (9th Cir. 1981) (citing St. Francis Memorial Hospital v. Weinberger, 413 F.Supp. 323, 327-30 (N.D.Cal.1976)). See also Daughters of Miriam Center for the Aged v. Mathews, 590 F.2d 1250, 1255 n.9 (3d Cir. 1978).
 
 
 8
 REVERSED.