**SUN TOWERS, INC., A Texas Corporation, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–1027.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1983.

TATE, Circuit Judge:

The plaintiff Sun Towers, Inc. (Sun Towers) appeals from the district court's grant of summary judgment in favor of the defendant Secretary of Health and Human Services (Secretary) after judicial review of the administrative record in the case. The issue was whether the plaintiff, a corporation that operates a hospital in El Paso, Texas, was entitled to additional per diem patient care allotments made to Medicare providers under 42 C.F.R. § 405.452(d)(10).[1] Separate accounting and expense reimbursement on a per diem basis for Medicare patient-incurred costs are available for care given in "intensive care units, coronary care units, and other special care inpatient units", defined in § 405.452(d)(10) as "one in which the care required is extraordinary and on a concentrated and continuous basis." The plaintiff argues that one of the units in its hospital, the Intermediate Care Unit, qualifies as "special care unit" within the meaning of the regulation.

This Intermediate Care Unit provides twenty-four hour telemetric monitoring of cardiac patients. Each patient in the unit is attached with a small radio transmitter that transmits heart rhythms to a central monitoring system that is staffed by specially-trained personnel. This system affords the patient greater mobility than in the intensive care and coronary care units— in which the patients are usually bed-ridden, monitored by movement-restrictive machinery, and watched closely and attended by specially-trained nurses—while having a greater level of cardiac monitoring than in regular wards. The Intermediate Care Unit involves expenses of around $88 per day, greater than the per diem costs in the regular wards of the plaintiff's hospital ($70), but significantly less than per diem costs in its Intensive Care Unit ($300).

Weissburg & Aronson, Inc., Patric Hooper, Los Angeles, Cal., for plaintiff-appellant.

Patricia Yonushonis, Atty., Dept. of Health & Human Services, Washington, D.C., for defendant-appellee.

Before WISDOM, REAVLEY and TATE, Circuit Judges.

1. This regulation provides:

*Intensive care units, coronary care units, and other special care inpatient hospital units.* To be considered an intensive care unit, coronary care unit, or other special care inpatient hospital unit, the unit must be in a hospital, must be one in which the care required is extraordinary and on a concentrated and continuous basis and must be physi- cally identifiable as separate from general patient care areas. There shall be specific written policies for each of such designated units which include, but are not limited to burn, coronary care, pulmonary care, trauma, and intensive care units but exclude postoperative recovery rooms, postanesthesia recovery rooms, or maternity labor rooms.

██ The district court found supported by substantial evidence in the record the Secretary's determination that the plaintiff's Intermediate Care Unit does not furnish care that is "extraordinary, concentrated and continuous" within the meaning of the regulation. We affirm. Judicial review of the Secretary's actions is governed by 42 U.S.C. § 1395oo (f), which provides that section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, controls our standard of review. The district court, and this court, thus may overturn the Secretary's decision only if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence on the record taken as a whole. We accord the Secretary special deference in its exercise of administrative expertise in interpreting this regulation, which forms part of a complex statutory scheme that the agency is charged with administering. *See Psychiatric Institute of Washington, D.C., Inc. v. Schweiker,* 669 F.2d 812, 813–14 (D.C.Cir.1981).

██ Although the hospital's argument is not unreasonable, we cannot say that the Secretary's decision is arbitrary or capricious, or that it is not supported by substantial evidence. We find that substantial evidence in the record supports the Secretary's finding that the Intermediate Care Unit furnishes a level of care that may be reasonably characterized as lower than that furnished by the enumerated intensive care units, which have round-the-clock visual as well as machine-monitored patient observation, and which incur much greater expense to provide these intensive patient services (considering also that the purpose of the regulation is to allow supplemental per diem allotment for "extraordinary" care furnished on "a concentrated and continuous basis"). We thus reach the same conclusion as the courts in *Psychiatric Institute, supra; John Muir Memorial Hospital Inc. v. Schweiker,* 664 F.2d 1337 (9th Cir. 1981); and *White Memorial Medical Services v. Schweiker,* 640 F.2d 1126, 1128–30 (9th Cir.1981). We AFFIRM the district court's opinion upholding the Secretary's decision that the plaintiff's Intermediate

Care Units is not a "special care unit" within the meaning of 42 C.F.R. § 405.-452(d)(10).

AFFIRMED.