**CITY OF AUSTIN, TEXAS/BRACK-ENRIDGE HOSPITAL, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. A–82–CA–194.**

United States District Court, W.D. Texas, Austin Division.

Nov. 7, 1983.

William Darling, Washington, D.C., Roger Levy, of Wood, Lucksinger & Epstein, for plaintiff.

Hugh P. Shovlin, Asst. U.S. Atty., Edward C. Prado, U.S. Atty., San Antonio, Tex., for defendant.

## MEMORANDUM OPINION

JACK ROBERTS, Senior District Judge.

This action is before the Court on cross-motions for summary judgment. Brackenridge Hospital of Austin, Texas, seeks review of a final decision of the Secretary of Health and Human Services for certain expenses incurred by the Hospital in fiscal year ending September 1976. In particular, the Hospital challenges (1) the limits on reimbursement for service costs that were promulgated by the Secretary for the period in question and (2) the classification of the Hospital's SMSA in the Group V per-capita-income category created pursuant to 42 C.F.R. § 405.460. This Court affirms the decision of the Secretary denying the Hospital's challenges.

The Hospital is a nonproprietary hospital operated by the City of Austin, Texas. It is a qualified provider of medical services under Part A of the medicare provisions of the Social Security Act, 42 U.S.C. §§ 1395c to 1395ss, and is therefore entitled to be reimbursed for the reasonable costs it incurs in providing necessary health services to medicare beneficiaries. 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A). The Hospital has chosen, as it is entitled to, to receive its reimbursements from a fiscal intermediary of the Department rather than directly from the Department. 42 U.S.C. §§ 1395g, 1395h. At the conclusion of each fiscal year, medicare providers file a cost report with their intermediaries. 42 U.S.C. § 1395; 42 C.F.R. § 405.406(b). The intermediaries then retroactively adjust the payments made during the year to ensure that the federal payments accurately reflect the reasonable cost of the services rendered to medicare beneficiaries. 42 U.S.C. § 1395f(b)(1).

The act defines reasonable cost and authorizes the Secretary to promulgate regulations establishing procedures to be used to determine reasonable cost. 42 U.S.C. § 1395x(v)(1)(A). The principles of reimbursement are contained in 42 C.F.R. Part 405 Subpart D; the Secretary defines reasonable cost in 42 C.F.R. § 405.451(B)(1). In accordance with this regulation, the Secretary published a schedule of limits on hospital inpatient general routine services cost. 40 Fed.Reg. 23,622–25 (1975). Based on this schedule, Austin was classified in Group V of the SMSA areas. Group V has the lowest per capita income of the SMSA groups and accordingly has the lowest limits on routine costs.

Exceptions from the cost limits are recognized in 42 C.F.R. § 405.460(f). Section 405.460(f)(1) allows reclassification if an area's classification is at variance with the criteria specified when the limits were promulgated. Section 405.460(f)(2) allows an exception to the cost limits where a hospital's costs exceed the limits because it provided services atypical in nature as compared with services generally provided by institutions in its classification. Section 405.460(f)(3) allows an exception where a hospital's costs exceed the limits because of circumstances beyond its control. The burden of proving that a hospital qualifies for a reclassification or exception is on the hospital. 42 C.F.R. § 405.460(f).

The Hospital filed an initial cost report with its intermediary for the fiscal year ending September 1976, in which it requested a reclassification based on economic considerations, exceptions based on extraordinary circumstances, and exceptions based on the provision of atypical services. The intermediary, Group Hospital, Inc., a local plan organization of Blue Cross Association, approved exceptions for electricity and natural gas expenses, depreciation and interest, stability pay, internists and resi-

dents pay, and nursing school costs. The intermediary refused the request for reclassification. The Hospital filed a supplemental exemption request in which it again requested reclassification and in addition requested exceptions for nurses salary differentials and for security, social services, and data processing expenses totalling $297,508. The intermediary refused these requests.

The Hospital appealed the intermediary's decision to the Provider Reimbursement Review Board (PRRB) pursuant to 42 U.S.C. § 1395oo (a). The PRRB affirmed the decision of the intermediary. The deputy administrator of the Health Care Financing Administration (acting for the Secretary) also upheld the intermediary's determination. The Hospital then filed this action pursuant to the provisions for judicial review set forth in 42 U.S.C. § 1395oo (f).

The standard of review in this action is controlled by 42 U.S.C. § 1395oo (f). That section in turn provides that judicial review of the Secretary's decisions is governed by the Administrative Procedure Act, 5 U.S.C. § 706. Under section 706, a district court may overturn an agency's action, finding, or conclusion "only if it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence on the record taken as a whole." *Sun Towers, Inc. v. Schweiker*, 694 F.2d 1036, 1038 (5th Cir.1983).

The decisions challenged by the Hospital were made pursuant to regulations promulgated by the Secretary under authority expressly delegated to her in the Social Security Act. 42 U.S.C. § 1395x(v)(1)(A). Congress expressly delegated to the Secretary the power to prescribe methods for determining the reasonableness of health costs and the power to set limits on reimbursement for those costs. The Supreme Court has held that

> [i]n a situation of this kind, Congress entrusts to the Secretary, rather than to the courts, the primary responsibility for interpreting the statutory term. In exercising that responsibility, the Secretary

adopts regulations with legislative effect. A reviewing court is not free to set aside those regulations simply because it would have interpreted the statute in a different manner.

*Batterton v. Francis*, 432 U.S. 416, 425, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977). With respect to the statute and regulations that are in question in this action, the Fifth Circuit observed, "We accord the Secretary special deference in its exercise of administrative expertise in interpreting this regulation, which forms part of a complex statutory scheme that the agency is charged with administering." *Sun Towers*, 694 F.2d at 1038. The Ninth Circuit also has noted that the Secretary has especially broad discretion to control excessive costs in a program as "complex and ripe for abuse as Medicare." *Marina Mercy Hospital v. Harris*, 633 F.2d 1301 (9th Cir. 1980).

The Hospital has argued that the special-deference standard should not be applied in this case because it is challenging the schedule of limits published pursuant to the regulations, which are not a part of the codified regulations. The Court finds no merit in the distinction made by the Hospital. In this action, it makes no difference whether the Secretary determined the reasonableness of costs by means of a schedule published pursuant to her own regulations or whether she did so pursuant to the regulations themselves. In either case, the Secretary acted with authority expressly delegated to her by Congress, and this Court therefore accords special deference to her decision.

■ Under 42 C.F.R. § 405.460(f)(1), reclassification is permitted "on the basis of evidence that ... a classification is at variance with the criteria specified in promulgating [the] limits ...." The published criteria for hospitals in SMSAs were per capita income and bed size. The Hospital has not shown that its classification is at variance with those criteria. Rather, the Hospital has challenged the criteria as appropriate indexes of hospital costs in various cities.

Although the Hospital's argument is not unreasonable, this Court cannot say that the Secretary's classification schedule was arbitrary or capricious or that it was not supported by substantial evidence. In a statement accompanying the schedule, the Secretary explained the rationale for choosing per capita income as the primary criterion for urban hospitals. 40 Fed.Reg. 23,-622. The Secretary noted that a study of several other factors showed that the classification system would not be significantly improved by taking those factors into account. *Id.* This discussion, along with other statements in the record, provides substantial evidence to support the Secretary's decision and demonstrates that her decision was not capricious or arbitrary.

It is true, as the Supreme Court noted in *Batterton,* that the Secretary's statutory authority to prescribe standards is not unlimited: she could not have adopted a classification schedule that bore no relationship to hospital costs or that defeated the purpose of the medicare program. *See* 432 U.S. at 428, 97 S.Ct. at 2407. But the rule in issue here, like the one in *Batterton,* "does not even approach these limits of the delegated authority." *Id.* The classification schedule took account of variables that were reasonably related to routine hospital costs. Since the classification schedule was consistent with the goals of the medicare program and there was reasonable basis for it as it was applied to the Hospital, the Court holds that the Secretary's classification of the Hospital as a Group V SMSA hospital was reasonable and within her statutory authority. *See Batterton,* 432 U.S. at 428–29, 97 S.Ct. at 2407–08.

■ The Hospital requested exceptions under 42 C.F.R. §§ 405.460(f)(2) & (f)(3) to obtain reimbursement for expenses that exceeded its cost limits. In particular, the Hospital argued that as a city-owned facility, it is compelled to pay higher wages and salaries and has inordinately high social services costs. The Hospital claimed also that extraordinary security expenses were incurred because a nurse was murdered while on duty in the emergency room. Finally, the Hospital claimed to have made pioneering efforts in the field of data processing that were properly chargeable to the medicare program.

The Court notes first that under 42 C.F.R. § 405.460(f)(3), the Secretary may grant an exception because of extraordinary circumstances such as strikes, fires, floods, or similar occurrences beyond a hospital's control. The Court finds no merit in the Hospital's argument that its status as a city-owned facility qualified as an extraordinary circumstance under this section. Likewise, none of the Hospital's other claims comes within the category of "extraordinary circumstances."

Under 42 C.F.R. § 405.406(f)(2), the Secretary may grant an exception for the cost of justifiable services that are atypical in nature and scope as compared with services provided by similar hospitals. After reviewing the record as a whole, the Court holds that there is substantial evidence to support the Secretary's denial of these exceptions. Although the Hospital documented its expenses, it failed to establish that the services it provided were justifiable or atypical of urban hospitals. As the deputy administrator aptly observed, the section "does not permit an exception for providing typical services at an atypical cost." R. at 7.

Finally, the Hospital argues that the Secretary's decision is inconsistent with PRRB Hearing Decision No. 79–D74, Medicare & Medicaid Guide (CCH) ¶ 30,315 (Nov. 5, 1979). The Court simply notes that the hospital in that case demonstrated the existence of an extraordinary circumstance, which is sufficient to distinguish that case from this one. Similarly, the Hospital argues that the Secretary's refusal to reclassify the Austin SMSA is inconsistent with PRRB Hearing Decision No. 79–D44, Medicare & Medicaid Guide (CCH) ¶ 30,025 (July 16, 1979). In that case, the PRRB held that the intermediary's classification of the town as a nonurban or non-SMSA area was incorrect. The reclassification was thus based on a variance with criteria specified when the limits were promulgated, and

therefore it also is distinguishable from the case at hand. It is accordingly

ORDERED, ADJUDGED, and DE-CREED that the plaintiff's motion for oral argument and summary judgment be, and hereby is, DENIED and that the defendant's motion for summary judgment be, and hereby is, GRANTED.