NKC, INC., Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 83–5864.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1984.

Decided Nov. 15, 1984.

Carson P. Porter (argued), Gaylee W. Gillim, Rice & Porter, Louisville, Ky., for plaintiff-appellant.

Ann Watkins, Regional Atty., Dept. of Health & Human Services, Shelley B. Slafkes, Atlanta, Ga., Ronald E. Meredith, U.S. Atty., Dana Petti (argued), Louisville, Ky., for defendant-appellee.

Before EDWARDS and KEITH, Circuit Judges, and BROWN, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

NKC, Inc., plaintiff-appellant, in this appeal operates the Norton-Children's Hospital, Inc., a 492 bed hospital in Louisville, Kentucky. As a part of its hospital operation, Norton's operates a unit which it terms its Transitional Care Unit. Norton's also operates in the same hospital an Intensive Care Unit, a Coronary Care Unit, a Burns Unit and a Neo-Natal Unit. From 1971 to 1976 all of these previously named units were treated by Blue Cross as "special care units" for purposes of reimbursement under the Medicare Program. However, for the years 1977 and 1978, reimbursement at the special care unit rate was continued as to each of these units except for the Transitional Care Unit. As to it (TCU), Blue Cross denied payment at the special care unit rate and NKC, Inc. appealed.

After a hearing before the Department of Health and Human Services Appeal Board, the Board issued a unanimous decision in favor of granting TCU special care unit treatment.

Nonetheless, this decision was reversed by the Deputy Administrator of Health Care Financing Administration, where upon NKC, Inc. filed for judicial review before the United States District Court for the Western District of Kentucky pursuant to 42 U.S.C. § 1395oo (f). The District Judge denied NKC's motion for summary judgment and granted the Secretary's motion for judgment on the pleadings whereupon this appeal was filed before this court.

This court has now received full briefing and has heard full oral argument from the parties. It appears that decision of this case hinges upon answers to two questions:

1. Is the Secretary's interpretation of § 405.452(d)(10), as requiring the same level of care as Intensive Care Units and Cardiac Care Units rather than simply greater care than in routine care units, rational and in accordance with the Medicare Act?

2. Is the determination of the Secretary in denying special care unit status to the TCU supported by substantial evidence?

On full consideration of this record, including briefs and oral arguments, we answer both of these questions in the affirmative. We note at the outset that 42 C.F.R. § 405.452(d)(10) reads as follows:

*Intensive Care Units, Coronary Units and Other Special Care Inpatient Hospital Units.*

To be considered an intensive care unit, coronary care unit, or other special care inpatient hospital unit, the unit must be in a hospital, must be one in which the care required is extraordinary and on a concentrated and continuous basis and must be physically identifiable as separate from general patient care areas. There shall be specific written policies for each of such designated units which include, but are not limited to burn, coronary care, pulmonary care, trauma, and intensive care units but exclude post-anesthesia recovery rooms, or maternity labor rooms.

We deduce that beginning in 1977 the interpretation of this regulation was changed to require that a unit must provide the same level of care as that provided by intensive care and cardiac care units in order that it be treated as a special care unit. This interpretation has provoked controversy in a number of cases in the courts of appeal. In the following cases, courts of appeal have followed the Secretary's interpretation. *Sun Towers, Inc. v. Schweiker,* 694 F.2d 1036 (5th Cir.1983) (compared the unit in question to the highest level of care provided by the institution—the unit provided less care and therefore should not be considered a special care unit); *White*

*Medical Center v. Schweiker,* 640 F.2d 1126 (9th Cir.1981) (used same approach as used in *Sun Towers* ); *Psychiatric Institute of Washington, D.C., Inc. v. Schweiker,* 669 F.2d 812 (D.C.Cir.1981) (compared unit to special care units in the same institution—the unit provided care less concentrated and less continuous and therefore should not be considered a special care unit); *Villa View Community Hospital v. Heckler,* 728 F.2d 539 (D.C.Cir.1984) (followed *Psychiatric Institute* and reversed district court in companion case cited by appellant—*Los Alamitos General Hospital, Inc. v. Donnelly,* 558 F.Supp. 1141 (D.D.C.1983)); *Lexington County Hospital v. Schweiker,* 740 F.2d 287 (4th Cir.1984) (approved interpretation that unit must provide care equivalent to that provided in special care units).

In several instances, the Secretary's interpretation has been rejected by courts of appeal. *Community Hospital of Indianapolis, Inc. v. Schweiker,* 717 F.2d 372 (7th Cir.1983) (rejected interpretation that unit must provide care *identical* to that provided in recognized special care units but required that the unit provide *comparable* care—court held unit was closer to special care unit than to routine care and therefore should be considered a special care unit); *St. Luke's Hospital of Bethlehem, Pa. v. Harris,* 688 F.2d 824 (3d Cir. 1982) (affirmed without opinion district court which held that the Secretary's interpretation that intensive care was required for a unit to be a special care unit was unreasonable—regulation only required that care be extraordinary, continuous and concentrated).

It appears in our instant situation that the Transitional Care Unit is staffed and equipped so as to provide care definitely superior to routine hospital care. It likewise appears clear to this court that this record would not allow for a finding that the Transitional Care Unit operated at the Norton-Children's Hospital provided as high a level of care as the Intensive Care Unit and Cardiac Care Units.

■ While we recognize that the District Judge in this case made reference to the new, rather than the old, regulation, we nonetheless feel that the District Judge's decision was correct. We hold that it is within the Secretary's discretion to compare the Transitional Care Unit with the Intensive Care Unit and the Cardiac Care Unit and determine that its level of care, while clearly above ordinary hospital care, is not as high as the other two special care units.

The Administrative Procedures Act, 5 U.S.C. § 701 et seq. allows the District Court and this court to set aside findings and conclusions of an agency which are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law."

■ We now find from our review of the record that the Secretary did not abuse her discretion in this case and that her decision was made with support of substantial evidence. The judgment of the District Court is therefore affirmed.