**Ralph LARSON, Plaintiff–Appellant**

v.

**The Honorable Pete GEREN, Secretary of the Army (official capacity), Defendant–Appellee.**

No. 10–50438.

United States Court of Appeals, Fifth Circuit.

July 11, 2011.

35457

Daniel L. Hargrove, Hargrove & Rea, San Antonio, TX, for Plaintiff–Appellant.

Clayton R. Diedrichs, Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Defendant–Appellee.

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Ralph Larson challenges Defendant–Appellee Secretary of the Army's determination that Major Larson was fit for retirement from the United States Army. Because we find that the Secretary's determination was not improper under the law, we affirm.

**I.**

Appellant Ralph Larson was a Major in the Active Guard Reserve of the United States Army. Members of the Active Guard Reserve may serve on active duty for only a limited number of years. Each member has a mandatory removal date (MRD) from active duty. Major Larson's MRD was scheduled for February 23, 2003. In October 2002, Major Larson requested that he be allowed to remain on active duty past his MRD. After granting several extensions, the Army scheduled Major Larson's MRD for July 1, 2004. On January 28, 2004, Major Larson began retirement processing pursuant to Army regulations.

The relevant regulations require that all members undergo a medical examination to determine whether they are fit for retirement. On May 11, 2004, Major Larson received his retirement medical examination. Results from the examination showed that Major Larson had elevated Prostate Specific Antigen (PSA) levels. The elevated PSA levels were noted by Dr. Sandru, the examining physician, who ultimately determined that Major Larson was fit for retirement. The Chief of the Medical Evaluation Board (MEB) confirmed the

conclusion, and Major Larson was cleared for retirement. Major Larson was also referred for further evaluation due to his elevated PSA levels. On July 1, 2004, Major Larson was retired from active duty pursuant to Army Regulation 600–8–24. On July 12, 2004, Major Larson had a biopsy, which established that he had prostate cancer. Major Larson underwent surgery, and his post-operation PSA levels were undetectable.

On July 13, 2005, Major Larson filed an Application for Correction of Military Records with the Army Board for Correction of Military Records (ABCMR or "the Board"), asserting that his elevated PSA levels indicated he was not fit for retirement and should have compelled his retention on active duty, past his MRD, until the nature of his medical condition was known. Major Larson included with his application a report from urologist Dr. Eric Hicks, who concluded that Major Larson's cancer was present on the date of Major Larson's retirement medical examination. The ABCMR denied Major Larson's application on the grounds that the examining physician determined Major Larson was fit for retirement despite the elevated PSA levels and further that there was no evidence showing that Major Larson was unfit for retirement at the time of his medical examination. If Major Larson had been retained on active duty, he would have received the benefit of a policy change promulgated by the Army on September 2, 2004, which would have extended Major Larson's MRD to May 1, 2014.

Major Larson filed a request for reconsideration, arguing that he had a pre-existing medical condition, prostate cancer, at the time of his retirement. He supported this claim with new evidence from Dr. Thomas Casey, who asserted that "Major Larson had prostate cancer" on the date of his medical examination. Evidence from Dr. Hicks reiterated his position that, in his opinion, Major Larson had cancer on the date of his medical examination. Major Larson also asserted for the first time that once his elevated PSA levels were discovered he should have been referred to a Physical Evaluation Board (PEB) for further evaluation. The ABCMR denied Major Larson's reconsideration request, finding that Major Larson was found only to have elevated PSA levels, not prostate cancer, at the time of his retirement medical examination and was thus deemed fit for retirement. The Board found that elevated PSA levels did not necessarily mean that Major Larson had prostate cancer and ultimately relied on the determination made by the examining physician that Major Larson was fit for retirement. Finally, the Board held that whether an individual is referred to a PEB is within the discretion of the medical examiner.

On August 29, 2008, Major Larson filed suit in the district court, asserting that the ABCMR's decision was arbitrary, capricious, or not supported by substantial evidence and therefore violated the Administrative Procedure Act (APA), 5 U.S.C. § 706. The parties filed cross motions for summary judgment. The district court granted the Army's motion and denied Major Larson's motion. Major Larson timely appealed.

## II.

Major Larson raises three arguments on appeal. He asserts that the ABCMR (1) applied an incorrect Army regulation to Major Larson's claims; (2) committed error when it failed to rely on the medical opinions he submitted to the Board; and (3) applied an incorrect standard of review.

### A.

We review de novo the district court's ruling on summary judgment, "applying

the same standard as the district court." *Chaney v. Dreyfus Serv. Corp.,* 595 F.3d 219, 228 (5th Cir.2010). The parties articulate the general standard of review under the APA, which provides that the district court, and this court may set aside an agency's ruling "only if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence on the record taken as a whole." *Sun Towers, Inc. v. Schweiker,* 694 F.2d 1036, 1038 (5th Cir.1983); *see also* 5 U.S.C. § 706. However, we are tasked with reviewing a decision made by the ABCMR pursuant to 10 U.S.C. § 1552(a)(1).

"Final decisions made by boards for the correction of military records ... are subject to judicial review under the APA and can be set aside if they are arbitrary, capricious, or not supported by substantial evidence." *Williams v. Wynne,* 533 F.3d 360, 368 (5th Cir.2008) (reviewing decision by Board for Correction of Military Records for the Air Force); *see also Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). The Secretary of the Army, acting through the ABCMR, "may correct any military record ... when the Secretary *considers it necessary* to correct an error or remove an injustice." *Williams,* 533 F.3d at 368 (emphasis and alteration in original); *see* 10 U.S.C. § 1552(a)(1). As such, "the review of military board judgments is 'exceptionally deferential.'" *Williams,* 533 F.3d at 368 (quoting *Viles v. Ball,* 872 F.2d 491, 495 (D.C.Cir.1989)); *see also Kreis v. Sec'y of the Air Force,* 866 F.2d 1508, 1514 (D.C.Cir.1989) (reviewing decision by the Air Force Board for the Correction of Military Records and holding that § 1552(a)(1) "substantially restrict[s] the authority of the reviewing court to upset the Secretary's determination"). Thus, "[a]ll that is required is that the Board's decision minimally contain a rational con-

nection between the facts found and the choice made." *Williams,* 533 F.3d at 368 (quoting *Frizelle v. Slater,* 111 F.3d 172, 176–77 (D.C.Cir.1997)). Major Larson "bears the burden of establishing by 'cogent and clearly convincing evidence' that the decision of the board was the result of a material legal error or injustice." *Id.* (quoting *Calloway v. Brownlee,* 366 F.Supp.2d 43, 54 (D.D.C.2005)).

### B.

■ Major Larson contends that the Board applied the incorrect Army Regulation to his claims. Major Larson argues that the ABCMR should have relied on Army Regulation 40–501, rather than Army Regulation 600–8–24. Army Regulation 40–501 requires referral to an MEB, followed by a fitness determination by a PEB, when a soldier is diagnosed with specified medical conditions. *See* U.S. DEP'T OF ARMY, REG 40–501, STANDARDS OF MEDICAL FITNESS para. 3–3 (14 Dec. 2007) (hereinafter AR 40–501). Malignant cancer is one of these conditions. However, diagnosis of the condition triggers the referral, not, as Major Larson urges, the possible presence of the condition.

Instead, the Board properly applied Army Regulation 600–8–24, which generally governs the retirement process. At the time of Major Larson's medical examination, Dr. Sandru diagnosed Major Larson with elevated PSA levels; he did not diagnose Major Larson with malignant cancer, which would have necessitated referral to an MEB and a PEB. As Army Regulation 600–8–24 explicitly states, "[w]hen a PEB is not necessary but additional medical care is, a nondisability retirement will be processed. Medical treatment will continue up to and after (if necessary) the approved retirement date. The retirement date will not be changed because of medi-

cal treatment." AR 600–8–24, OFFICER TRANSFER AND DISCHARGES para. 6–7 (12 Apr. 2006). Such was the situation Major Larson faced. Dr. Sandru concluded that Major Larson required further treatment given his elevated PSA levels but did not require referral to an MEB. The Board applied the correct Army regulation.

### C.

■ Major Larson next asserts that the ABCMR erred by relying on the opinion of Dr. Sandru and not the medical opinions submitted to the Board by Major Larson. Major Larson contends that a physician's assistant conducted the medical examination and that Dr. Sandru merely signed off on the medical form finding Major Larson fit for retirement. This argument is merely an insinuation that there is some irregularity in the form. Major Larson concedes that Dr. Sandru was in charge of administering the medical examination, that he signed the form certifying that Major Larson was fit for retirement, and that the form was signed in accordance with applicable military regulations. As such, Major Larson failed to provide sufficient evidence questioning the accuracy of the medical form. The ABCMR did not err when it relied solely on Dr. Sandru's medical opinion finding Major Larson fit for retirement.

Major Larson also asserts that the Board erred by relying on its own investigation to determine that he did not have prostate cancer at the time of his retirement medical examination. This is incorrect. The Board was not tasked with determining whether Major Larson did, in fact, have prostate cancer at the time of the medical examination. The Board's only inquiry was whether Major Larson had been diagnosed with prostate cancer at the time of the examination and whether he was found fit for retirement. As the Board correctly noted, Dr. Sandru did not diagnose Major Larson with prostate cancer and found Major Larson fit for retirement. Though the Board did independently consider information by the National Cancer Institute regarding the correlation between PSA levels and prostate cancer, it did so only to show that elevated PSA levels do not necessarily compel a diagnosis of prostate cancer. Even if consideration of such information was improper, it did not affect the correctness of the ABCMR's ruling. Because Major Larson (1) was not diagnosed with prostate cancer at the time of his medical examination, (2) he did not provide evidence establishing that such a diagnosis should have been made at that time, and (3) the examining physician determined that he was fit for retirement, we cannot find that the ABCMR's decision was arbitrary or capricious, much less that it failed to minimally contain a rational connection between the facts and the choice made. *See Williams*, 533 F.3d at 368.

### D.

■ Finally, Major Larson asserts that the Board applied an erroneous standard of review. Pursuant to Army Regulation 15–185, Major Larson was required to prove an an error or injustice by a preponderance of the evidence. *See* AR 15–185, ARMY BOARD FOR CORRECTION OF MILITARY RECORDS para. 2–9 (31 Mar. 2006). Major Larson argues that the Board required him to "conclusively prove" his allegations, based on the Board's use of this phrase in its decision. Major Larson misreads the decision. In stating that "it does not appear that it was conclusively proven that the applicant's neoplasm was malignant," the ABCMR was simply stating that the medical examination, resulting in a finding of elevated PSA levels, did not necessarily show that Major Larson's cancer was malignant, as required by Army Regulation

40–501. *See* AR 40–501, Standards of Medical Fitness para. 3–42 (14 Dec. 2007). The Board did not, as Major Larson contends, require him to prove his case under a heightened standard. Rather, its decision applied the correct standard of review when analyzing whether Major Larson had been diagnosed with prostate cancer at the time of his medical examination.

### III.

Major Larson failed to establish that the ABCMR's decision failed to "minimally contain a rational connection between the facts found and the choice made." *Williams,* 533 F.3d at 368. Even if a less heightened burden of proof applied, Major Larson failed to establish that the decision was arbitrary or capricious, that the Board abused its discretion, or that it acted contrary to law. *See Sun Towers,* 694 F.2d at 1038. We thus affirm the district court's summary judgment determination.

AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.